

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5463
Re: Do the provisions of Senate Bill
No. 130, 48th Legislature, release
penalties and interest accruing on
property owned by members of the
armed forces of the United States
of America prior to their entry
into such service? And related
questions.

We have your request for opinion, which is as
follows:

"Senate Bill No. 130, Acts of the Regular Session
of the 48th Legislature, releases to all members of the
armed forces of the United States of America and their
auxiliaries and all members of the armed forces in re-
serve in the United States of America and their auxili-
aries all interest and penalties accruing subsequent to
their entry into such service on state and county ad
valorem taxes, on property listed on the tax rolls of
any county in the names of any such members of the armed
forces or their auxiliaries, or the armed forces reserves
or their auxiliaries, prior to the time they joined such
armed forces or such auxiliaries.

"The question has arisen in this department as to
whether or not this law releases penalties and interest
accruing on property owned by such people prior to their
entry into such service, or does it only apply to penal-
ties and interest accruing since such person entered the
armed service and for the duration. I will thank you to
advise in the premises."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

Senate Bill No. 130, Acts of the Regular Session of the 48th Legislature, (together with its caption) reads as follows:

"An Act for the purpose of releasing to the members of the Armed Forces of the United States of America and their auxiliaries all interest and penalties accruing subsequent to their entry into such service, on State and county ad valorem taxes accruing on property listed on the tax rolls of any county in the name of such members of the Armed Forces or their auxiliaries or the Armed Forces Reserve or their auxiliaries prior to the time they joined such Armed Forces or such auxiliaries; providing that the release of such interest and penalties shall extend for the duration of World War II, and providing that the respective members of such Armed Forces and such auxiliaries shall be allowed a period not to exceed six (6) months after the cessation of hostilities in which to pay without interest and penalty the delinquent taxes due by them; providing for the suspension of all laws and parts of laws in conflict herewith, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That there is hereby released to all members of the Armed Forces of the United States of America and their auxiliaries, and all members of the Armed Forces Reserve of the United States of America and their auxiliaries, all interest and penalties accruing subsequent to their entry into such service, on State and county ad valorem taxes on property listed on the tax rolls of any county in the name of any of such members of the Armed Forces or their auxiliaries or the Armed Forces Reserve or their auxiliaries prior to the time they joined such Armed Forces or such auxiliaries; providing that the release of such interest and penalties shall extend for the duration of World War II, and providing that the respective members of such Armed Forces and such auxiliaries and such Armed Forces Reserve and their auxiliaries shall be allowed a period of not to exceed six (6) months after the cessation of hostilities in which to pay without penalty and interest their taxes which have accrued and which shall accrue during the duration of the war.

Hon. Geo. H. Sheppard, page 3

"Sec. 2. All laws and parts of laws in conflict herewith are hereby expressly suspended during the term of this Act so far as they may affect this Act.

"Sec. 3. The fact that many persons affected by the provision of this Act are in distant countries in the service of their country and may unavoidably permit their taxes to become delinquent creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

An analysis of Senate Bill No. 130 discloses that the persons upon whom it directly operates are those named in the Act itself, towit, "the members of the Armed Forces of the United States of America and their auxiliaries, and all members of the Armed Forces Reserve of the United States of America and their auxiliaries."

The method of the Act's operation is to _release_ to the above named persons said interest and penalties. The interest and penalties referred to are plainly described in the Act as "all interest and penalties accruing subsequent to their entry into such service, on State and county ad valorem taxes on property listed on the tax rolls of any county in the name of any such members of the Armed Forces or their auxiliaries or the Armed Forces Reserve or their auxiliaries prior to the time they joined such Armed Forces or such auxiliaries;"

The Act further provides that the release above referred to shall extend for the duration of World War II, that the persons upon whom it operates shall be allowed a period of not to exceed six months after the cessation of hostilities in which to pay their taxes, which have accrued and which shall accrue during the duration of the war, without penalty and interest.

Hon. Geo. H. Sheppard, page 4

There has been no judicial construction by the appellate courts of the provisions of this bill.

It is well settled by the Texas decisions that when a law is expressed in plain and unambiguous language, and its meaning is clear and obvious the law will be applied and enforced as it reads, there being no room for construction of its meaning. 39 Tex. Jur. 161; Weaver v. Robison, 114 Tex. 272, 268 S. W. 133; Fire Association v. Love, 101 Tex. 376, 380, 108 S. W. 158, 810; Runnels v. Belden, 51 Tex. 48; Engelking v. Von Wamel, 26 Tex. 469, 471; State v. Delesdenier, 7 Tex. 76; Sutherland v. De Leon, 1 Tex. 250, 46 Am. Dec. 100; Thompson v. Buckley, 1 Tex. 33; Lloyds Casualty Co. v. Lem, (Civ. App.) 62 S. W. (2d) 497, error granted; Railroad Commission v. Texas & N. O. R. Co., (Civ. App.) 42 S. W. (2d) 1091, error refused; Capley v. Hudson, (Civ. App.) 265 S.W. 551 (wording of statute held not so plain and unambiguous as to leave no room for construction); Martin v. Hidalgo County, (Civ. App.) 271 S. W. 456, error dismissed; Gulf, C. & S. F. R. Co. v. Gardner, (Civ. App.) 266 S. W. 809; Trimmier v. Carlton, (Civ. App.) 264 S. W. 253, affirmed 116 Tex. 572, 296 S. W. 1070; International G. N. R. Co. v. Mallard, (Civ. App.) 262 S. W. 789, affirmed (Com. App.) 277 S. W. 1051; Harrington v. Galveston County, White & W. Civ. Cas. App. ¶792, 793; Hunt v. State, 89 Crim. Rep. 89, 229 S. W. 869. Gaddy v. First Nat. Bank, 115 Tex. 393, 283 S. W. 472, answering questions certified 283 S.W. 277; Gilmore v. Waples, 108 Tex. 167, 188 S. W. 1037; Missouri, K. & T. Ry. Co. v. Blanks, 103 Tex. 191, 125 S. W. 312, affirming 116 S. W. 377; Texas & P. R. Co. v. Perkins, (Com. App.) 48 S. W. (2d) 249, reversing 29 S. W. (2d) 835; H. H. Watson Co. v. Cobb Grain Co., (Com. App.) 292 S. W. 174, reversing 290 S. W. 842; Moore v. Lumbermen's Reciprocal Ass'n, (Com. App.) 258 S. W. 1051, reversing 241 S. W. 1105, former judgment corrected (Com. App.) 262 S. W. 472; Griffin v. City of Waxahachie, (Civ. App.) 257 S. W. 988, modified (Com. App.) 276 S. W. 201; Larkin v. Pruett Lumber Co., (Civ. App.) 209 S. W. 443; Harris County v. Smith, (Civ. App.) 187 S. W. 701; Clarey v. Hurst, (Civ. App.) 136 S. W. 840, certified question answered 104 Tex. 423, 138 S. W. 566, reversed on rehearing 140 S. W. 662; Copeland v. State, 92 Crim. Rep. 554, 244 S. W. 818; Sparks v. State, 76 Crim. Rep. 263, 174 S. W. 351. See Constitutional Law, vol. 9, p. 430. Gilmore v.

Hon. Geo. H. Sheppard, page 5

Waples, 108 Tex. 167, 188 S. W. 1037; Merchants' & Mfrs.' Lloyd's Ins. Exch. v. Southern Trading Co., (Civ.App.) 205 S. W. 352, reversed on other points (Com. App.) 289 S. W. 312; Sparks v. State, 76 Crim. Rep. 263, 174 S. W. 351.

We regard Senate Bill No. 150 as being a legislative enactment which comes within the purview of the rule laid down by the above referred to authorities.

By the very terms of this Act, it releases and releases only all interest and penalties <u>accruing subsequent to the entry into service</u> of the persons named in the Act. It applies to property owned by such persons previous to their entry into service and applies only to the interest and penalties of State and county ad valorem taxes on property which had been listed on tax rolls of any county in the names of any such persons prior to the time they joined the armed forces or the auxiliaries named in the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

APPROVED JUL 31, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

GPB:AMM


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN